DAVID WM. ENGELMAN, SBA #004193
PATRICK A. CLISHAM, SBA #023154
**ENGELMAN BERGER, P.C.**
3636 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85012
_____
Ph: (602) 271-9090
Fax: (602) 222-4999
Email: dwe@eblawyers.com
Email: pac@eblawyers.com
_____

Proposed Counsel for Debtor
Maville Interiors Inc.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| MAVILLE INTERIORS INC., | Case No. 2:BK-14-10220-EWH |
| EIN 86-0518641 | _____ |
| Debtor. | **DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL** |

Maville Interiors, Inc., the debtor and debtor-in-possession in the above captioned bankruptcy case ("Debtor"), hereby moves, pursuant to 11 U.S.C. § 363(c), Bankruptcy Rule 4001(b) and Local Rule 9013-1(h), for the entry of an order authorizing the interim and continuing use of cash collateral. The relief requested in this motion ("Motion") is summarized as follows:

**Debtor, its Business and Need for Use of Cash Collateral**

- Debtor operates as the single largest commercial painting contractor in the state of Arizona.

- Debtor intends to continue its business and restructure its secured and unsecured obligations through the chapter 11 reorganization process. Debtor requires the use of cash to meet ordinary and necessary business expenses. Debtor's source of operating capital is primarily the income from its commercial accounts.

- Debtor must have the ability to use its income to pay ordinary and necessary post-petition expenses and preserve its business, pending its proposal and approval of a chapter 11 plan of reorganization. This Motion requests immediate approval for expenses that must be paid within the first 14 days of this case, and further approval of budgeted expenses for the period of July through September, 2014, as set forth in the budget attached hereto as **Exhibit "A"** (the "Budget").

### **Encumbrances to Cash Collateral**

- Alliance Bank, N.A. ("Alliance"), is the holder of a secured promissory note under which Debtor is the obligor and pursuant to which Debtor has granted Alliance a senior security interest in its accounts receivable (the "Alliance Loan").

- Alliance claims that all proceeds generated by collection of Debtor's accounts receivable constitute Alliance's cash collateral (collectively, the "Cash Collateral").

- On information and belief, Alliance currently claims to be owed approximately $60,000 under the terms of the Alliance Loan.

### **Proposed Terms For Use of Cash Collateral**

- Debtor proposes to use the Cash Collateral in accordance with the Budget. The Budget provides, first and foremost, for the payment of expenses that are reasonable and necessary to continue Debtor's business operations and avoid immediate and irreparable harm to its business including primarily insurance, payroll and other tax obligations of Debtor.

- Through this Motion, Debtor seeks authority to use Cash Collateral on an interim basis pursuant to the Budget. Debtor's use of Cash Collateral will allow Debtor to avoid immediate irreparable harm to its business and allow it sufficient time to formula and propose a plan of reorganization.

### **Adequate Protection of Lenders' Interests**

- As of the Petition Date, Debtor had approximately $1.5 million of accounts receivable (the "A/R") and $45,000 of cash on hand.

- The value of the A/R and cash exceeds Debtor's obligations to Alliance. Debtor proposes to provide Alliance replacement liens on post-petition accounts receivable, which Debtor estimates will be generated at a rate of $250,000 per week.

- The proposed replacement liens on the A/R as proposed herein will adequately protect Alliance' interests in Cash Collateral.

The facts and circumstances supporting this Motion are set forth in the following Memorandum of Points and Authorities, the *Declaration of John M. Toth in Support of Chapter 11 Petition* filed contemporaneously herewith, and the other papers and pleadings on file in this chapter 11 proceeding, all of which are incorporated herein by this reference.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

**A. Parties and Jurisdiction.**

1. On July 2, 2014 (the "Petition Date"), Debtor filed its petition for relief under

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

chapter 11 of the Bankruptcy Code. Debtor is administering its estate as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.[1] Debtor has substantially all of the rights and powers of a trustee in bankruptcy pursuant to § 1107(a).

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This is a "core" matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (M).

3. The Court is authorized to grant the relief requested in this Motion pursuant to 11 U.S.C. § 363(c) and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 4001(b).

**B.    Debtor's Business Operations.**

4. Debtor is an Arizona corporation with its principal place of business in Glendale, Arizona.

5. Debtor was originally formed in 1987, and over the past 27 years, has developed into single largest residential painting contractor in the state of Arizona, painting approximately 20% of all new homes constructed by national homebuilders in the Phoenix and Tucson metropolitan areas.

6. Debtor is a licensed, bonded, and insured contractor with the Arizona Registrar of Contractors.

7. Debtor has a history of and reputation for providing award winning service to its customers and received numerous recognitions such as "Contractor of the Year" and "Contractor of the Month" from several of homebuilder customers, including awards as recent as March 2014.

8. Indeed, Debtor's business has weathered the downturn of the Arizona economy and the collapse of its housing market and has seen a significant recovery in its business volumes and revenues over the past 24 months.

9. However, as a result of limited credit availability and severe cash flow issues, Debtor has become delinquent on certain tax obligations due and owing to the Internal Revenue Service ("IRS") and the Arizona Department of Revenue ("ADOR").

---

[1] Unless otherwise noted, all references to statutory provisions are intended as references to provisions of the Bankruptcy Code.

{0005188.0000/00517913.DOC / 2}

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

10. In addition, the Debtor is indebted to its primary supplier of paint, Sherwin Williams, and estimates that it owes Sherwin Williams approximately $900,000 and has been purchasing supplies from Sherwin Williams on COD terms for some time.

11. In recent weeks, the IRS has begun to levy Debtor's accounts receivables and has levied approximately $79,000. The IRS levies added to the Debtor's significant cash flow burdens and threatened to force the company out of business.

12. Debtor filed this chapter 11 proceeding in order to obtain a stay on further levies, seek turnover of any uncollected prepetition levies issued by the IRS, and restructure its obligations with the IRS, ADOR, Sherwin Williams, and its other limited prepetition creditors.

**C. Debtor's Secured Obligations.**

13. As of the Petition Date, Debtor is obligated to Alliance in the approximate amount of $60,000 under the terms of the Alliance Loan, which loan is evidenced by, among other documents, a secured promissory note in the original principal amount of $360,000, dated effective as of August 11, 2005 and subsequent modified and restated notes (the "Alliance Note").

14. As security for repayment and satisfaction of all obligations owing by Debtor under the Alliance Note, Alliance holds an alleged first priority lien and security interest in substantially all of the Debtor's assets, including Debtor's cash and A/R.

15. Debtor's cash and A/R have a combined value substantially in excess of its Alliance Loan obligations and Debtor anticipates that it will generate post-petition A/R well in excess of the Alliance Loan obligations on a weekly bases.

16. In order to provide Alliance with adequate protection, Debtor proposes to grant Alliance replacement liens on its post-petition A/R.

**D. Debtor's Use of Cash Collateral.**

17. As of the Petition Date, Debtor held approximately $45,000 of cash on hand and approximately $1.5 million of A/R. Debtor has prepared the Budget, which reflects average anticipated income and expenses for the coming ninety (90) days (the "Budget Period").

18. As reflected in the Budget, Debtor anticipates that, during the Budget Period, it

will generate sufficient cash flow to pay all of its ordinary operating expenses.

19. Debtor must have immediate approval to pay certain operating expenses in order to avoid irreparable harm. These expenses are reflected in the Budget and include, among others, employee payroll obligations totaling approximately $150,000 that will come due on July 7, 2014 and ongoing purchases of paint supplies on COD or limited credit terms from Sherwin Williams. In order to continue operating, Debtor must make the above budgeted payments from the A/R that the cash available in Debtor's bank account and the A/R that will be collected and generated from Debtor's ongoing operations.

## II. AUTHORITIES SUPPORTING USE OF CASH COLLATERAL

Bankruptcy Code § 363(c) authorizes a debtor-in-possession to use cash collateral in the ordinary course of business, as long as any party asserting an interest in the cash collateral is adequately protected. *See also* 11 U.S.C. § 363(e). As the Ninth Circuit BAP has recognized, "In many chapter 11 cases, use of cash collateral is vital to a successful reorganization." *In re Proalert, LLC*, 314 B.R. 436, 442 (9th Cir. BAP 2004). Accordingly, it is not necessary for a debtor-in-possession to prove that every proposed use of cash collateral is reasonable and necessary and will provide a quantifiable benefit to the estate, as would be necessary to surcharge a secured creditor's collateral. Rather, when a debtor-in-possession seeks authority to use cash collateral, the secured creditor's only entitlement is to adequate protection of its interest. *Id*.

In this case, Alliance claims an interest in the Cash Collateral. Debtor proposes the use of Cash Collateral pursuant to the Budget in order to fund ongoing operations. As recited above, the existing A/R and the post-petition A/R will regularly exceed Debtor's obligations under the Alliance Loan. Accordingly, continuation of the ordinary operation of Debtor's business as proposed in the Budget and the granting of replacement liens to Alliance on post-petition A/R will provide Alliance with adequate protection as to its interest in Cash Collateral. If, on the other hand, Debtor is not authorized to use Cash Collateral, Debtor would have to cease operations almost immediately. Such a result would harm both the interests of Alliance and the estate. Based on the foregoing, Debtor's use of Cash Collateral pursuant to the Budget is in the best interests of the estate and its creditors and

should be authorized pursuant to 11 U.S.C. §§ 363(c) and (e).

Under Bankruptcy Rule 4001(b)(2), the Court may commence a final hearing on a motion for authority to use cash collateral no earlier than 14 days from the service of the motion. However, if requested by Debtor, the Court may authorize the use of cash collateral within the 14-day notice period in order to avoid immediate and irreparable harm to the estate pending final approval. Debtor submits that unless it is authorized to pay the expenses set forth in the Budget for the first 14 days of this case, including expenses associated with employee payroll and utilities, Debtor will not be able to continue to operate and will experience irreparable harm. Therefore, Debtor requests the approval of payment of such expenses on an emergency basis.

## III. **CONCLUSION**

For the reasons set forth herein, Debtor requests that the Court authorize use of the Cash Collateral as set forth in this Motion, and grant such further relief as the Court deems appropriate.

**DATED** this 2nd day of July, 2014.

**ENGELMAN BERGER, P.C.**

By: */s/ Patrick A. Clisham, SBN023154*
    David Wm. Engelman
    Patrick A. Clisham
    3636 North Central Avenue, Suite 700
    Phoenix, Arizona 85012
    Proposed Attorneys for Debtor *Maville Interiors, Inc.*

**COPY** of the foregoing e-mailed
this 2nd day of July, 2014, to:

All Parties on the attached Official
Service List

*/s/ Kristine L. Mitchell*

{0005188.0000/00517913.DOC / 2}

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

# **EXHIBIT A**

MAVILLE INTERIORS INC.
JULY 2014 BUDGET

| | | |
|---|---:|---|
| INCOME | $ 1,075,697 | |
| | | |
| COST OF GOODS SOLD | | |
|   Payroll and taxes | 600,000 | |
|   Workers Comp | 28,938 | (See Note A) |
|   Fuel | 9,000 | |
|   Storage | 1,750 | |
| Check cashing fees | 32,000 | (See Note B) |
|   Materials | 350,000 | |
|   Total Cost of Goods Sold | 1,021,688 | |
| | | |
| GROSS PROFIT | 54,009 | |
| | | |
| EXPENSES | | |
|   Accounting | 4,000 | |
|   Rent | 2,499 | |
|   Telephone and internet | 319 | |
|   Cellphone | 1,300 | |
|   Alliance Bank | 4,170 | |
|   Paychex fee | 1,500 | |
|   Paychex quarterly fee | 1,000 | |
|   Health Ins | 3,063 | |
|   Auto/GL Ins | 10,801 | |
|   Repairs - Equip | 1,500 | |
|   Software | 345 | |
|   Office Supplies | 1,000 | |
|   Subscriptions | 38 | |
|   Management Fees | 15,000 | |
|   Total Expenses | 46,534 | |
| | | |
| NET INCOME | $ 7,475 | |

Note A: Workers Compensation Insurance Expense includes June and July 2014
Note B: Check cashing fees incurred with COD operations

## Official Service List
MAVILLE INTERIORS, INC.
BK Case No.: 2:14-BK-10220-EWH

ARIZONA DEPT. OF REVENUE
ATTN: BK SECTION
1600 W. MONROE
PHOENIX, AZ 85007

INTERNAL REVENUE SERVICE
PO BOX 21126
PHILADELPHIA, PA 19114

INTERNAL REVENUE SERVICE
201 W. RIVERCENTER BLVD.
COVINGTON, KY 41011-1424

INTERNAL REVENUE SERVICE
ATTN: MICHAEL KENNEDY
4041 N. CENTRAL AVE
MS 5119 PHX
PHOENIX, AZ 85012

U.S. TRUSTEE
230 N 1ST AVENUE, SUITE 204
PHOENIX, ARIZONA 85003

ALLIANCE BANK OF ARIZONA
7373 N SCOTTSDALE RD #A195
PARADISE VALLEY, AZ 85253

WELLS FARGO BUSINESS DIRECT
PO BOX 348750
SACRAMENTO, CA 95834

AZ DEPT OF ECONOMIC SEC.
PO BOX 6028
PHOENIX, ARIZONA 85005

THE SHERWIN WILLIAMS CO.
C/O James B. Reed, Esq.
BAIRD WILLIAMS & GREER LLP
6225 N. 24th Street, Suite 125
Phoenix, AZ 85016

AZ DEPT OF REVENUE
ATTN: COLLECTIONS DIVISION/LIEN
PO BOX 29070
PHOENIX, AZ 85038-9070